■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PEOPLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered November 20, 1985, convicting him of burglary in the first degree, robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People elicited improper testimony from the victim that he had identified the defendant from a photograph prior to the lineup has not been preserved for appellate review since no objection was made at the time the testimony was given (CPL 470.05 [2]). Moreover, a reversal in the interest of justice is not warranted. Evidence that a victim has been shown a picture of the defendant is inadmissible because it creates an inference that a defendant was previously identified in the photograph or that he had a criminal record (see, People v Tisdale, 114 AD2d 869; cf., People v Caserta, 19 NY2d 18). However, we find that the testimony was harmless. Identification was not an issue since the defendant testified that he was in the victim's apartment at the time of the incident, and there was overwhelming proof of his guilt.

The defendant also contends that he was denied a fair trial because the investigating detective testified that he obtained the defendant's photograph, thereby impermissibly suggesting to the jury that the defendant had a criminal record. However, the detective never specifically stated that the photograph was from a police file. Furthermore, we find that the court's curative instruction was sufficient to eliminate any possible prejudice to the defendant from that testimony. Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE POPE, Appellant.—Appeal by the defendant from four judgments of the Supreme Court, Queens County (Naro, J.), all rendered May 24, 1985.

Ordered that the judgments are affirmed (see, People v Pellegrino, 60 NY2d 636; People v Kazepis, 101 AD2d 816). Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.